

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

October 14, 1969

Honorable Gus Mutscher
Speaker
House of Representatives
State Capitol
Austin, Texas 78711

Dear Sir:

Opinion No. M-490

Re: Whether State Employees
who are former Legisla-
tors can retire as elec-
ted officials under Art.
6228a, V.C.S.

    You have requested our opinion as to the construction
of Paragraphs 3E and 4F of Article 6228a, Vernon's Civil
Statutes, which read in part as follows:

    "Subsection E.

    "Any person who was an Elective State Official
    and who has served not less than eight (8)
    years in the Legislature of Texas (as such
    creditable service is defined in Chapter 524
    Acts of the Regular Session, 58th Legislature
    as amended) may become a member of the Employees
    Retirement System by paying into such system
    Two Hundred Eighty-Eight Dollars ($288) for
    each year of service in the Legislature of Texas.
    Provided further, any such person must make
    application to become a member and pay in such
    sums prior to January 1, 1970. Such application
    shall be made on forms provided by the Board,
    and, thereupon, such person shall be entitled
    to all the privileges and benefits of such
    system." Acts of the 61st Leg., Chap. 114,
    p. 287, 289. (Emphasis added.)

    "F. Each appointed officer or employee, as de-
    fined in this Act, who has heretofore withdrawn
    his contributions and cancelled his accumulated
    creditable service for retirement purposes, may,
    if he returns to State employment and continues
    as such for a period of five (5) consecutive
    years, or if an elective State official, upon
    taking the oath of office, be entitled to

deposit in the Retirement System in a lump
sum payment the amount withdrawn with a pen-
alty interest of two and one half per cent
(2½%) per annum from the date of withdrawal
to the date of redeposit, plus any membership
fees due, <u>and have his creditable service re-
instated for retirement purposes</u>.... The
amounts to be deposited shall be determined
in each case by the Employees Retirement System
and in no event shall any such person be
granted retirement upon such former service
credits until the amount so determined shall
have been paid in full." Acts of the 58th
Leg., Chap. 524, p. 1372, 1376. (Emphasis
added.)

Section 4F is a part of Chapter 524, Acts of the
58th Leg., 1963, page 1372. As this section existed prior
to 1969, it had already made a distinction between the two
classes of persons composing the membership of the Employees
Retirement System. The first class is composed of "<u>appoint-
ive officers or employees</u>", and the second class is com-
prised of "<u>elected officials</u>". The substance of this sec-
tion, as enacted in its present form in 1963, required a
five-year period of work on return to the system for those
in the first class who returned to the system as an ap-
pointive officer or employee, but waived this period as
to the elected officials comprising the second class of
members. Section 4F is neither applicable nor relevant
to the question asked, for the reason that it speaks solely
to a former employee or official "who has heretofore with-
drawn his contributions and cancelled his accumulated credit-
able service...."

By the 1969 amendment of Section 3E, the Legisla-
ture provided that any former legislator with eight years
past legislative service may become a member of the Em-
ployees Retirement System as a part of the elected class by
paying certain moneys into the fund. This inclusion is
reasonable so long as the former Legislator seeking to be-
come a part of the elected class is employed by the State
of Texas at the time he elects to pay his money and to join
the class of "elected officials" under the Employees Re-
tirement System. Attorney General Opinion M-413 (1969)
concluded that it would violate the Constitution to allow

this membership or to credit prior service to legislators, except when the person is employed by the State at the time he seeks to invoke the benefits of the Employees Retirement System.

Another limitation on the 3E elective membership is that application to the Employees Retirement System must be made "prior to January 1, 1970"; consequently December 31, 1969, is the last day for these applications to be made under the new law.

This inclusion by the Legislature of former members thereof who are now in State employment when they apply to be a part of the elective class is a reasonable classification under Article XVI, Sec. 62, Constitution of Texas.

We must presume that the Legislature's classification is valid and reasonable. 12 Tex. Jur.2d, 460, Constitutional Law, Sec. 112. We cannot say that it is discriminatory as between other classes of membership, since there are material differences in the nature of duties, responsibilities, and service which distinguish elected officials, including former members of the Legislature, from employees and appointed officials. The test of reasonableness as prescribed by the courts has been stated as follows:

> "....the test for determining its reasonableness is whether there is any basis for the classification which could have seemed reasonable to the legislature.

> "In order to be valid, a statutory classification must reasonably promote some proper object of public welfare or interest, must rest on real and substantial relation to the subject of the legislation, and must affect all persons or things within a particular class, or similarly situated." 12 Tex. Jur.2d 459, Constitutional Law, Sec. 111, and cases there cited."

In view of the foregoing, it is our opinion that the statutory provisions and requirements are non-discriminatory, reasonable, valid, and constitutional, and former members of the Legislature with the requisite eight years legislative service are not required to comply with a five-year employment requirement upon returning to the Employees Retirement System (as do appointive officials and employees) in order to obtain membership qualification as elected officials.

SUMMARY

Section 3E of Article 6228a, Vernon's Civil Statutes, allows one who qualifies by reason of at least eight years past legislative service and who is now in State employment, to become a member in the "elective class" of the Employees Retirement System without working five consecutive years. Section 4F of Article 6228a, supra, the five-year provision, is not applicable to such members. The provision in Section 3E allowing membership in the "elected class" to those employees with prior legislative service and present state employment is reasonable under Article XVI, Sec. 62, Constitution of Texas.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Co-Chairman
John Banks
Sarah E. Phillips
Houghton Brownlee
Bob Flowers
Louis G. Neumann

MEADE F. GRIFFIN
Staff Legal Advisor

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant